# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | | |
|---|---|---|
| ANN FORD-VARNES, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 04-6099-CV-DW |
| | ) | |
| JOHNSON CONTROLS, INC., | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant's motion for sanctions. (Doc. No. 26.) In the motion, defense counsel requests that the Court order Plaintiff to reimburse him for the expenses incurred by Plaintiff's failure to attend her deposition. It is undisputed that, although counsel for the plaintiff received notice of the planned deposition, neither Plaintiff nor her counsel appeared at the deposition. The motion is brought pursuant to Federal Rule of Civil Procedure 37(d), which provides in pertinent part:

> ...[If] a party fails (1) to appear before the officer who is to take the deposition, after being served with proper notice...the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Pursuant to Rule 37(d), the Court grants the motion for sanctions. In doing so, however, the Court finds it appropriate to make certain reductions to the fees and other expenses requested by defense counsel. First, the Court finds that the requested amount for one night's lodging ($166.50) is excessive given the abundance of more reasonably priced hotels in the area. Defense counsel is entitled to $145.00 for lodging, which reflects the government per diem amount. Next, the requested amount in taxi cab fares to and from the airport ($70.00) is excessive because equally convenient and less expensive transportation could have been used. A round-trip shuttle service to and from the

airport would have cost $27.00. Lastly, the Court finds that defense counsel's hourly billable rate ($280.00 per hour) is unreasonably high given his level of legal experience and position in the firm. Indeed, it is shocking that Defendant is willing to pay such an exorbitant rate. A rate of $150.00 is a more appropriate hourly rate for a law firm associate.

After making these corrections, the Court finds that the reasonable amount of fees and expenses that is owed to defense counsel is $1,272.72.

IT IS SO ORDERED.

/s/ DEAN WHIPPLE
Dean Whipple
United States District Court

Date: June 28, 2005